## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANKENTEK RESIDENTIAL SYSTEMS, LLC, | : : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 2:12-cv-00767 |
| REID BUERGER, et al., | : | |
| Defendants. | : | |
| FRANKENTEK RESIDENTIAL SYSTEMS, LLC, | : : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 2:12-cv-03505 |
| REID BUERGER, et al., | : | |
| Defendants. | : | |
| FRANKENTEK RESIDENTIAL SYSTEMS, LLC, | : : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 2:12-cv-00768 |
| ALAN BUERGER, et al., | : | |
| Defendants. | : | |

April _24th_ , 2014                                          Anita B. Brody, J.

## <u>MEMORANDUM</u>

Frankentek Residential Systems, LLC ("Frankentek Residential") brings three actions

against Reid Buerger, Krista Buerger, Alan Buerger, and Constance Buerger and their limited

liability companies Harner Realty 1 LLC, Harner Management LLC, Mathers Road LP, and

1

4301 Bayberry Drive LLC (collectively, the "Buergers")[1] to recover over $1 million for work it performed on the Buergers' properties. The Buergers bring counterclaims in the three actions against Frankentek Residential, Marc Franken, and Michael Pavluk (collectively, "Frankentek") for breaches of contract, statutory computer-related offenses, and common law torts. I exercise jurisdiction over the three actions pursuant to 28 U.S.C. § 1332.

Frankentek has filed motions for partial summary judgment on the Buergers' counterclaims in all three actions.[2] For the reasons set forth below, I will grant in part and deny in part Frankentek's motions for partial summary judgment. [3]

I.      BACKGROUND

   A. Factual Background[4]

Frankentek's motions for partial summary judgment concern three Buerger properties: (1) a residential property located at 225 Mathers Road, Ambler, Pennsylvania 19002 (the "Pennsylvania Property"); (2) a residential property located at 4301 Bayberry Drive, Avalon, New Jersey 08202 (the "New Jersey Property"); and (iii) a residential property located at Lots 85, 86, and 87 Ocean Club, Paradise Island, Bahamas (the "Bahamas Property") (collectively, the "three Properties").

---

[1] In most instances, the use of the term the "Buergers" in this Memorandum refers to all eight parties, but in some cases, it refers to fewer than all eight. Unless otherwise stated and relevant to the analysis, this Memorandum will refer to the "Buergers."

[2] Neither party has moved for summary judgment on the claims that Frankentek Residential brings against the Buergers.

[3] The Buergers never filed a motion for summary judgment on the counterclaims, but in their responses in opposition to Frankentek's partial motions for summary judgment, the Buergers mention summary judgment in their favor on the counterclaims for statutory computer-related offenses and the common law torts. Buergers' Opp. Br. at 21, ECF No. 62-1, Civil Action No. 2:12-cv-00767; Buergers' Opp. Br. at 21, ECF No. 38-1, Civil Action No. 2:12-cv-03505; Buergers' Opp. Br. at 21, ECF No. 57, Civil Action No. 2:12-cv-00768. I will not rule on their request.

[4] For the purposes of summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in [that party's] favor." *Hunt v. Cromartie,* 526 U.S. 541, 552 (1999) (alteration in original) (internal quotation marks omitted).

Beginning in 2005, the Buergers retained Frankentek Residential to install comprehensive electronic home systems in the three Properties.  Reid Buerger Decl. ("Buerger Decl.") ¶ 2, ECF No. 62-3; Franken Decl. ¶ 2, Sept. 16, 2013; ECF No. 63-2.[5]  Frankentek Residential installed and provided continuous maintenance to the systems until a dispute regarding nonpayment arose in 2010.  Franken Decl. ¶ 2, Aug. 16, 2013, ECF No. 60-1.  As a result of this dispute, the electronic home systems at the Pennsylvania Property and the New Jersey Property were twice disabled.  Buerger Decl. ¶ 3; Franken Decl. ¶ 4, 5, Aug. 16, 2013; Arb. Tr., 78:19-80:13, Buergers' Opp. Br. Ex. B, ECF No. 62-3.

Specifically, on November 13, 2010, the electronic home system at the Pennsylvania Property stopped functioning.  Buerger Decl. ¶ 4.  As a result, the lighting, HVAC, television, security cameras, and security reporting system at the Pennsylvania Property were no longer operational.  *Id*.  Reid Buerger subsequently learned that Frankentek Residential's President Marc Franken ("Franken") and Vice President Michael Pavluk ("Pavluk") had remotely disabled or ordered the remote disabling of the system.  *Id*. ¶ 5.  When Reid Buerger phoned Franken about the system outage, Franken told Reid Buerger, "We did it," and Franken admitted to disabling the system because of the nonpayment dispute.  *Id*. ¶ 7.  On or around November 16, 2010, Frankentek Residential personnel came to the Pennsylvania Property to restore the electronic home system.  *Id*. ¶ 9.  Frankentek Residential personnel simultaneously installed an "electronic bomb" that would allow Frankentek Residential to remotely disable the system in the future.  *Id*.  In the early morning of December 6, 2010, Frankentek Residential again disabled the electronic home system at the Pennsylvania Property.  *Id*. ¶ 11; Dec. 6, 2010 Email, Buergers'

---

[5] Unless otherwise noted, all ECF citations in the remainder of this Memorandum refer to the electronic docket in Civil Action No. 2:12-cv-00767.

Opp. Br. Ex. D, ECF No. 62-3.  In contrast, Franken states that Frankentek Residential and its personnel ceased to have any physical or remote access to the Pennsylvania Property on November 18, 2010, and he denies ever personally having physical or remote access to the Pennsylvania Property.  Franken Decl. ¶¶ 12, 13, Sept. 16, 2013.  Franken and Pavluk deny remotely detonating an "electronic bomb."  Franken Decl. ¶ 17, Sept. 16, 2013; Pavluk Decl. ¶ 9.

At the same time, on November 13, 2010, Frankentek Residential also remotely accessed and disabled the electronic home system at the New Jersey Property.  Buerger Decl. ¶ 12.  On or around November 17, 2010, Frankentek Residential reactivated the electronic home system at the New Jersey Property.  On January 7, 2011, Reid Buerger discovered that Frankentek Residential had again disabled the electronic system at the New Jersey Property.  *Id*. ¶ 13.  In contrast, Franken states that Frankentek Residential and its personnel ceased to have any physical or remote access to the New Jersey Property on November 18, 2010, and he denies ever personally having physical or remote access to the New Jersey Property.  Franken Decl. ¶¶ 8, 13, Sept. 16, 2013.

Reid Buerger states that the Buergers never gave Frankentek Residential the authority to disable the electronic home systems at the Pennsylvania Property or New Jersey Property or to enter either Property, either directly or remotely, for that purpose.  Buerger Decl. ¶ 15.  In contrast, Franken states that Frankentek Residential and its personnel accessed the electronic home systems in the Pennsylvania Property and New Jersey Property in a manner consistent with its authority as the owner/installer/servicer/monitor of the systems.  Franken Decl. ¶¶ 14, 15, Sept. 16, 2013.

**B. Procedural Background**

On February 12, 2012, Frankentek Residential filed two suits in the Eastern District of Pennsylvania against the Buergers – one related to the Pennsylvania Property and New Jersey Property[6] and one related to the Bahamas Property.[7]  The following day, in the District of New Jersey, Frankentek Residential filed a third suit against the Buergers related exclusively to the New Jersey Property.  Pursuant to an agreement between the parties, that suit was subsequently transferred to the Eastern District of Pennsylvania.[8]

On May 14, 2012, the Buergers filed a motion to dismiss in both the Pennsylvania Property and New Jersey Property Suit filed in the Eastern District of Pennsylvania and the New Jersey Property Suit originally filed in New Jersey.  On December 5, 2012, the Court ruled on the motions to dismiss, granting them in part and denying them in part.  On January 7, 2013, the Buergers filed an Answer with Affirmative Defenses and Counterclaims in each of the three actions.

On August 16, 2013, Frankentek filed a motion for partial summary judgment in each of the three cases.   In the course of the briefing, the Buergers chose not to contest the motions for summary judgment on several counterclaims.  In the Pennsylvania Property and New Jersey Property Suit filed in the Eastern District of Pennsylvania, the Buergers conceded that their invasion of privacy counterclaim with respect to the Pennsylvania Property was untimely.  In the Bahamas Property Suit filed in the Eastern District of Pennsylvania, the Buergers did not contest

---

[6] *See* Civil Action No. 2:12-cv-00767.
[7] *See* Civil Action No. 2:12-cv-00768.
[8] *See* Civil Action No. 2:12-cv-03505.

5

the motions for summary judgment on their invasion of privacy, conversion, and trespass counterclaims.  Buergers' Opp. Br. at 2 n.2 & 3, ECF No. 62-1.

Finally, on April 22, 2014, in accordance with the agreement transferring the suit to the Eastern District of Pennsylvania, Frankentek Residential dismissed all of its claims against the Buergers in the New Jersey Property Suit originally filed in New Jersey with the exception of its claim for a violation of the New Jersey Prompt Payment Act.  In response, the Buergers dismissed all of their counterclaims in the same suit.[9]

## II.    LEGAL STANDARD

Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law . . . ."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual dispute is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party.  *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  After the moving party has met its initial burden, the nonmoving party must then "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Id.* at 322.  In ruling on a motion for summary judgment, the court must draw all

---

[9] I will not discuss further any of the counterclaims on which the motions for summary judgment are uncontested or any of the counterclaims that the Buergers have dismissed.

inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the nonmoving party may not "rely merely upon bare assertions, conclusory allegations or suspicions" to support its claims. *Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982).

In essence, the inquiry at summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251-52.

## III.    DISCUSSION

The remaining counterclaims are as follows:

(1) Counterclaims asserted by Reid Buerger, Harner Realty 1 LLC, Mathers Road LP, and 4301 Bayberry Drive LLC in the Pennsylvania Property and New Jersey Property Suit filed in the Eastern District of Pennsylvania:

I. Breach of Contract;[10]

II. Breach of Contract;

III. Violation of 18 Pa. Cons. Stat. Ann. § 5741 ("Unlawful Access to Stored Communications") (with respect to the Pennsylvania Property only);

IV. Violation of N.J. Stat. Ann. § 2A:38A-1 *et seq.* ("Computer Related Offenses") (with respect to the New Jersey Property only);

V. Invasion of Privacy (with respect to the New Jersey Property only);

VI. Conversion; and

VII. Trespass.

---

[10] The breach of contract counterclaims in all three actions are asserted exclusively against Frankentek Residential. All other counterclaims are asserted against all three Frankentek parties.

(2) Counterclaims asserted by Alan Buerger and Constance Buerger in the Bahamas Property Suit filed in the Eastern District of Pennsylvania:

     I. Breach of Contract; and

     II. Breach of Contract.

Frankentek seeks summary judgment on all of the remaining counterclaims.  On the invasion of privacy, conversion, and trespass counterclaims, Frankentek argues that the counterclaims are barred by the applicable statutes of limitations.  Frankentek argues that the Buergers' breach of contract counterclaims are also barred in part by the statute of limitations.  In addition, Franktentek asserts that the Buergers have no evidence to support an essential element of the unlawful access to stored communications counterclaim.  Finally, Frankentek argues that all of the counterclaims asserted against Franken and Pavluk in an individual capacity are unsupported by evidence.[11]

### A.  Statute of Limitations Bar to Common Law Tort Counterclaims in the Pennsylvania Property and New Jersey Property Suit filed in the Eastern District of Pennsylvania

In this suit, Frankentek argues that all of the Buergers' remaining common law tort counterclaims are barred by the applicable statutes of limitations.   In order to determine the applicable statutes of limitations, the Court must conduct a choice-of-law analysis.  "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural

---

[11] In its reply brief, Frankentek raises new arguments in support of its partial motions for summary judgment.  For the first time, Frankentek argues that the Buergers' counterclaims for statutory computer-related offenses are time-barred and that the Buergers' failed to name a party with a cognizable claim for invasion of privacy under Pennsylvania or New Jersey law.  Frankentek's Reply Br. at 11, 16.  Other courts in this district have declined to address issues raised for the first time in a reply brief.  *See, e.g., U.S. v. Martin*, 454 F.Supp.2d 278, 281 n. 3 (E.D. Pa. 2006) ("A reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new issues."); *Sproull v. Golden Gate Nat'l Senior Care, LLC*, No. 08-1107, 2010 WL 339858, at *3 (W.D. Pa. Jan. 22, 2010) ("[T]he reply brief generally cannot be used to expand the issues presented for adjudication beyond those raised in the moving papers.").  Thus, I will not address these arguments in support of summary judgment.

law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).  Choice-of-law rules are considered substantive law; therefore, a federal court looks to state law for choice-of-law rules. *Klaxon Co. v. Stentor Mfg. Co.*, 313 U.S. 487, 496 (1941); *Van Buskirk v. Cary Canadian Mines, Ltd.*, 760 F.2d 481, 487 (3d Cir. 1985).  A federal court exercising diversity jurisdiction over a claim applies the choice-of-law rules of the state in which it sits.  *Guaranty Trust Co. v. York*, 326 U.S. 99, 108-09 (1945).  Because this Court sits in Pennsylvania, the Pennsylvania choice-of-law rule regarding statutes of limitations applies.

Pennsylvania courts ordinarily apply the Pennsylvania statute of limitations with the exception of cases in which the claim accrued in a foreign jurisdiction.  *Ross v. Johns-Mansville Corp.*, 766 F.2d 823, 826 n.3 (3rd Cir. 1985).  A claim accrues where "the final significant event that is essential to a suable claim occurs."  *Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co.*, 372 F.2d 18, 20 (3rd Cir. 1966).  Under Pennsylvania's borrowing statute, the limitations period for a claim that accrued in a foreign jurisdiction is either the limitations period of the jurisdiction where the claim accrued or the Pennsylvania limitations period, "whichever first bars the claim."[12]  42 Pa. Cons. Stat. Ann. § 5521(b).  In determining which state bars the claim first, the Court also considers the laws of Pennsylvania and the foreign jurisdiction where the claim accrued on questions such as when the statute of limitations begins to run and if any tolling doctrines apply.  *See McKenna v. Ortho Pharm. Corp.*, 622 F.2d 657, 660 (3d Cir. 1980) ("In our view, the essential question posed under the 'borrowing statute' is

---

[12] The Buergers argue that the Pennsylvania borrowing statute does not apply to counterclaims, but they cite no Pennsylvania cases nor is there any rationale to support their argument.  Buergers' Sur-Reply Br. at 4-5.  To the contrary, Pennsylvania courts have found that the borrowing statute applies to counterclaims.  *See Stoody Co. v. Wandel*, 6 Ches. Co. Rep. 219, 220 (1954) (applying the borrowing statute to hold that defendant's counterclaim that arose in California and was time-barred in California was also barred in Pennsylvania although the Pennsylvania limitations period had not expired.)

whether the action in question is precluded by the laws of the state in which it accrued, and the answer to that question also must be based on the law of the state in which the claim arose."). Thus, Pennsylvania's limitations period applies to the claim unless the foreign jurisdiction's laws, including laws on tolling and the date of accrual, bar the claim first. *See Gwaltney v. Stone*, 564 A.2d 498, 503 (Pa. Super. Ct. 1989) ("The provisions of Pennsylvania's borrowing statute unequivocally evince the legislative intent to prevent a plaintiff who sues in Pennsylvania from obtaining greater rights than those available in the state where the cause of action arose.").[13]

### 1.  Invasion of Privacy Relating to the New Jersey Property

This invasion of privacy counterclaim relating to the New Jersey Property was filed in the Eastern District of Pennsylvania under federal diversity jurisdiction.  As explained above, a federal court sitting in diversity jurisdiction in Pennsylvania must follow Pennsylvania's conflict-of-law rules.  Under Pennsylvania law, Pennsylvania's statute of limitations applies unless the claim accrued in a foreign jurisdiction that would bar the claim before it would be barred in Pennsylvania.  The parties dispute whether Pennsylvania's or New Jersey's statute of limitations applies.  Buergers' Opp. Br. at 12; Frankentek's Reply Br. at 13.

---

[13] Contrary to arguments in the briefing, under Pennsylvania law, the filing of a complaint does not toll the statute of limitations applicable to compulsory or permissive counterclaims.  *See* Buergers' Opp. Br. at 14; *Harmer v. Hulsey*, 467 A.2d 867, 868-69 (Pa. Super. Ct. 1983) (holding that a compulsory counterclaim was barred by Pennsylvania's two-year statute of limitations, notwithstanding that the plaintiff filed his complaint late in the two-year limitations period).  Additionally, the Court finds no support in Pennsylvania case law for the tolling of the statute of limitations for compulsory or permissive counterclaims while a motion to dismiss is pending.  *See* Buergers' Opp. Br. at 17.  Thus, the Court will not apply either tolling doctrine to its calculations of the applicable Pennsylvania limitations periods.  Furthermore, the Court need not decide the applicability of tolling to the limitations periods for counterclaims under New Jersey law because such a rule would only extend the New Jersey limitations period beyond the Pennsylvania limitations period, making New Jersey law inapplicable.

In Pennsylvania, the limitations period for invasion of privacy is one year.  42 Pa. Cons. Stat. Ann. § 5523.  In New Jersey, the limitations period for invasion of privacy is six years.[14] N.J. Stat. Ann. § 2A:14-1.  Given the significant difference between the limitations periods, the counterclaims would be barred first in Pennsylvania.  Thus, Pennsylvania's one-year statute of limitations applies.

Under Pennsylvania law, a claim accrues as of the date on which the right to institute and maintain a suit first arose.  *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.,* 468 A.2d 468, 471 (Pa. 1983).  The Buergers had the right to institute a suit for invasion of privacy on two separate occasions – first, on November 13, 2010, when Frankentek Residential first disabled the electronic home system, and second, sometime between November 17, 2010, when Frankentek Residential restored the system, and January 7, 2011, when Reid Buerger discovered that Frankentek Residential had again disabled it.  Buerger Decl. ¶¶ 12, 13.  The Buergers argue that under the discovery rule, their invasion of privacy counterclaim did not accrue until January 7, 2011 when Reid Buerger discovered that Frankentek Residential had again disabled the electronic home system at the New Jersey Property.  Buergers' Opp. Br. at 13.  By relying on the discovery rule, however, the Buergers are implicitly admitting that the event in question occurred prior to January 7, 2011.  The discovery rule is not applicable in this case.  In Pennsylvania, "[L]ack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations. . . . The 'discovery rule' is . . . an exception, and arises from the *inability* of the injured, *despite the exercise of due diligence*, to know of the injury or its cause."  *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983) (citing medical

---

[14] Both parties agree that the applicable New Jersey statute of limitations for an invasion of privacy claim is six years.  Buergers' Opp. Br. at 12; Frankentek's Reply Br. at 9.

malpractice resulting from failure of a surgeon to remove a surgical implement as an example of plaintiff's inability to know of injury).  Here, there is no evidence of any inability on the part of the Buergers to know of the disabling of the electronic home system.  The fact that the Buergers are unable to identify the exact date on which the disabling occurred does not trigger the discovery rule.  Rather, because Reid Buerger discovered the second disabling of the system on January 7, 2011, the counterclaim must necessarily have accrued prior to that date.

Therefore, under Pennsylvania's one-year statute of limitations, the invasion of privacy counterclaims were untimely when filed on January 7, 2013.  Frankentek's motion for summary judgment will be granted on the counterclaims for invasion of privacy in this suit.

**2.   Conversion and Trespass Relating to the New Jersey Property**

Similarly, these conversion and trespass counterclaims relating to the New Jersey Property were filed in the Eastern District of Pennsylvania under federal diversity jurisdiction.  Applying Pennsylvania's choice-of-law rules, Pennsylvania's statute of limitations applies unless the claim accrued in a foreign jurisdiction that would bar the claim before it would be barred in Pennsylvania.  The parties dispute whether Pennsylvania's or New Jersey's statute of limitations applies.  Buergers' Opp. Br. at 12; Frankentek's Reply Br. at 13.

In Pennsylvania, the limitations period for both conversion and trespass is two years.  42 Pa. Cons. Stat. Ann. § 5524; *see also Shonberger v. Oswell*, 530 A.2d 112, 114 (Pa. Super. Ct. 1987) ("Conversion is an action at law and is, therefore, subject to the two-year statute of limitations.").  In New Jersey, the limitations period for both conversion and trespass is six years.  N.J. Stat. Ann. § 2A:14-1.  Thus, the counterclaims would be barred first in Pennsylvania, and Pennsylvania's statute of limitations applies regardless of where the counterclaims accrued.  As

explained above, the Buergers' counterclaims for conversion and trespass at the New Jersey

Property accrued on two separate occasions – November 13, 2010 and sometime between

November 17, 2010 and January 7, 2011.  Buerger Decl. ¶¶ 12, 13.  The counterclaims were filed

on January 7, 2013, and thus under Pennsylvania's two-year statute of limitations, both the

counterclaims were untimely.[15]  Thus, Frankentek's motion for summary judgment on the

conversion and trespass counterclaims relating to the New Jersey Property in this suit will be

granted.

### 3.   Conversion and Trespass Relating to the Pennsylvania Property

With respect to the Pennsylvania Property, the conversion and trespass counterclaims

were filed in the Eastern District of Pennsylvania under federal diversity jurisdiction.  Applying

Pennsylvania's choice-of-law rules, the counterclaim accrued in Pennsylvania at the

Pennsylvania Property, and thus Pennsylvania law applies.  Under Pennsylvania law, conversion

and trespass actions are subject to a two-year statute of limitations.  42 Pa. Cons. Stat. Ann. §

5524.  With respect to the Pennsylvania Property, the Buergers had the right to institute a suit for

conversion and trespass on two separate occasions – on November 13, 2010, when Frankentek

Residential first disabled the electronic home system, and on December 6, 2010, when

Frankentek Residential again disabled the system.  Buerger Decl. ¶¶ 4, 11.  Thus under the two-

year statute of limitations, these counterclaims were time-barred after November 13, 2012 and

December 6, 2012, respectively, and were untimely when filed on January 7, 2013.  Frankentek's

motion for summary judgment on these counterclaims will be granted.

---

[15] As explained previously, the Complaint was filed on February 12, 2012, but Pennsylvania does not toll the statute
of limitations for compulsory or permissive counterclaims when a complaint is filed.  *See Harmer v. Hulsey*, 467
A.2d 867, 868-69 (Pa. Super. Ct. 1983).

**B.  Statute of Limitations Bar to Breach of Contract Counterclaims in the Pennsylvania and New Jersey Property Suit and in the Bahamas Property Suit filed in the Eastern District of Pennsylvania**

Frankentek also argues that the Buergers' breach of contract counterclaims are barred in part by the applicable statutes of limitations.  Because Frankentek failed to present any evidence in its motions for partial summary judgment as to the date on which the counterclaims for breach of contract accrued, I will not address Frankentek's statute of limitations arguments with respect to these counterclaims.  Frankentek's motions for partial summary judgment will be denied with respect to the breach of contract counterclaims.

**C.  Insufficient Evidence on Pennsylvania Statutory Counterclaim in the Pennsylvania and New Jersey Property Suit filed in the Eastern District of Pennsylvania**

Of the remaining counterclaims, Frankentek argues that the Buergers have failed to present evidence to support one or more essential elements of the Pennsylvania statutory offense of unlawful access to stored communications in the Pennsylvania Property and New Jersey Property Suit filed in the Eastern District of Pennsylvania.[16]

The counterclaim turns on the issue of Frankentek's authority, specifically whether Frankentek Residential and its personnel accessed the electronic home systems in a manner consistent with Frankentek Residential's authority as the owner/installer/servicer/monitor of the systems.  To succeed on a claim for unlawful access to stored communications, the Buergers must offer evidence that Frankentek (1) "acces[ed] without authorization a facility through which an electronic communication service is provided" or (2) "exceed[ed] the scope of [its] authorization to access the facility."  18 Pa. Cons. Stat. Ann. § 5741.  Reid Buerger states that the

---

[16] Frankentek acknowledged in their Reply Brief that genuine disputes of material fact exist with respect to several counterclaims on which they initially moved for summary judgment.  Frankentek's Reply Br. at 20-21, 22.

Buergers never gave Frankentek Residential the authority to disable the electronic home systems at the Pennsylvania Property or New Jersey Property or to enter either property, either directly or remotely, for that purpose.  Buerger Decl. ¶ 15.  In contrast, Franken states that Frankentek Residential and its personnel accessed the electronic home systems at both properties in a manner consistent with its authority as the owner/installer/servicer/monitor of the systems. Franken Decl. ¶¶ 14, 15, Sept. 16, 2013.  Given the parties' conflicting statements as to the scope of Frankentek Residential's authorization, a genuine dispute of material fact precludes summary judgment at this time, and Frankentek's motion for summary judgment on this claim will be denied.

> **D.  Insufficient Evidence on Statutory Counterclaims Asserted Against Franken and Pavluk in the Pennsylvania and New Jersey Property Suit filed in the Eastern District of Pennsylvania**

Frankentek also seeks summary judgment in favor of Franken and Pavluk on the remaining counterclaims for statutory computer-related offenses.  Franktentek argues that the Buergers offer no evidence of Franken's or Pavluk's individual involvement in any interference with the electronic home systems.  As evidence of Franken and Pavluk's individual liability, the Buergers emphasize that Franken twice admitted that "we" disabled the electronic system at the Pennsylvania Property.  *See* Buerger Decl. ¶ 7; Arb. Tr., 80:22-24, Buergers' Opp. Br. Ex. B, ECF No. 62-3.  In addition, Franken made a general admission that "Frankentek personnel . . . disabled certain functionalities of the home smart systems" at the Buergers' properties.  Franken Decl. ¶ 5. Aug. 16, 2013.  However, Franken denies ever personally having physical or remote access to the Pennsylvania Property or New Jersey Property.  Franken Decl. ¶¶ 9, 13, Sept. 16,

2013.  Similarly, Pavluk denies personally having physical or remote access to either property after November 18, 2010.   Pavluk Decl. ¶¶ 5, 7.

Thus, on the issue of individual liability, a genuine dispute of material fact exists as to whether Franken and Pavluk personally disabled the electronic home system in the Pennsylvania Property or New Jersey Property.  A genuine dispute of material fact also remains with respect to the latest date on which Frankentek and its personnel ceased to have any physical or remote access to the Pennsylvania Property or New Jersey Property such that Franken or Pavluk could be individually liable for the second outages of the electronic home systems.  Thus, Frankentek's motion for summary judgment on these claims will be denied.

## IV.    CONCLUSION

In summary, I am denying in part and granting in part Frankentek's motion for partial summary judgment in the Pennsylvania Property and New Jersey Property Suit filed in the Eastern District of Pennsylvania.  I am denying the motion for partial summary judgment on the breach of contract counterclaims and the motion for summary judgment on the statutory computer-related counterclaims.  I am granting the motion for summary judgment on the invasion of privacy claim relating to the Pennsylvania Property as conceded by the Buergers.  I am also granting the motion for summary judgment on the remaining invasion of privacy, conversion, and trespass counterclaims.  In the New Jersey Property Suit originally filed in the District of New Jersey, I am denying as moot Frankentek's motion for partial summary judgment given the Buergers' dismissal of all counterclaims in that suit.  Finally, in the Bahamas Property Suit filed in the Eastern District of Pennsylvania, I am denying Frankentek's motion for partial summary judgment on the breach of contract counterclaims and granting the motion for

16

summary judgment on the invasion of privacy, conversion, and trespass counterclaims as uncontested by the Buergers.

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:          Copies **MAILED** on _____ to: